**Roy HUFFINGTON and Roy Huffington, Inc., Plaintiffs,**

v.

**ENSTAR CORP., et al., Defendants.**

**No. H–84–2610.**

United States District Court, S.D. Texas, Houston Division.

June 26, 1984.

Order of Aug. 22, 1984.

David J. Beck, Fulbright & Jaworski, Houston, Tex., for plaintiffs.

J. Eugene Clements, Porter & Clements, Frank B. Davis, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Pending before the Court is Plaintiffs' request for preliminary injunction and Defendants' Motions to Dismiss. The Court has been advised by the parties that the tender offer which is the subject of the litigation at hand closes on June 26, 1984 at midnight, Eastern Standard Time, and that therefore a decision in the matter at bar is needed today. Accordingly, the Court issues the instant Order, to be followed at a later date by a more extensive discussion of the issues in the case.[1]

### I. Background

On June 15, 1984, Plaintiffs Roy M. Huffington and Roy M. Huffington, Inc. filed the above-styled case. Plaintiffs' Complaint requested, *inter alia*, that the Court preliminarily enjoin the consummation of the tender offer by Defendant Unimar Co. for the stock of Defendant ENSTAR Corp. Plaintiffs on June.18 moved this Court to grant expedited discovery. ENSTAR filed a Motion to Dismiss or for Stay on June 19, and the remaining Defendants filed a companion Motion to Dismiss and/or Stay on the same date. Both of these Motions contended that Plaintiffs could not sue under the Public Utility Holding Company Act of 1935, 15 U.S.C. § 79, ("PUHCA"), the impending violation of which formed the basis for Plaintiffs' request for equitable relief.[2] The Court held a hearing on June 19 on the Motion for Expedited Discovery. At that hearing, the parties agreed to conduct expedited discovery, and the Court established a briefing schedule in regard to the preliminary injunction and the Motions to Dismiss. The Court, having reviewed the fine briefing by the able attorneys on both sides of this action, both received testimony and documentary evidence and heard oral argument at a hearing on June 25.

### II. Discussion

The Court has determined that it cannot grant preliminary injunctive relief in the case at bar, as PUHCA does not provide a cause of action for the type of relief Plaintiffs here seek.

■ The Court bases its decision on the *Cort v. Ash*[3] test for when a statute implies a private cause of action. *Cort* instructs that in deciding whether an implied private right to sue exists, four factors must be considered:

> In determining whether a private remedy is implicit in a statute not expressly

---

1. In addition to the questions regarding the right of these Plaintiffs to sue under the Public Utility Holding Company Act of 1935, 15 U.S.C. § 79 et seq. ("PUHCA"), arguments on the merits and a substantial question regarding the fitness of Plaintiffs to bring this derivative action under Fed.R.Civ.P. 23.1 have been raised. The Court, concluding it lacks jurisdiction in the matter at hand and hastening to render an opinion today, will not reach these issues in the instant Order.

2. Specifically, Plaintiffs allege that Defendants' acquisition of ENSTAR would violate § 4 and § 9(a)(2) of the Act.

providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," *Texas & Pacific R. Co. v. Rigsby,* 241 U.S. 33, 39 [36 S.Ct. 482, 484, 60 L.Ed. 874] (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, *e.g., National Railroad Passengers Corp. v. National Assn. of Railroad Passengers,* 414 U.S. 453, 458, 460 [94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, *e.g., Amtrak, supra; Securities Investor Protection Corp. v. Barbour,* 421 U.S. 412, 423 [95 S.Ct. 1733, 1740, 44 L.Ed.2d 263] (1975); *Calhoon v. Harvey,* 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? See *Wheeldin v. Wheeler,* 373 U.S. 647, 652 [83 S.Ct. 1441, 1445, 10 L.Ed.2d 605] (1963); cf. *J.I. Case Co. v. Borak,* 377 U.S. 426, 434 [84 S.Ct. 1555, 1560, 12 L.Ed.2d 423] (1964); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 394–395 [91 S.Ct. 1999, 2003–2004, 29 L.Ed.2d 619] (1971); *id.* at 400 [91 S.Ct. at 2006] (Harlan, J., concurring in judgment).

*Cort,* 422 U.S. at 78, 95 S.Ct. at 2088.

■ Applying those factors to the case at bar, the Court concludes that PUHCA does not contain a cause of action for the Plaintiffs in the instant suit. First, Plaintiffs have the burden of establishing that they are in the especial class for which PUHCA was enacted. Roy Huffington testified at the June 25 hearing, and the Court has the benefit of decisions by other courts involved in this saga of challenges to the tender offer approved by ENSTAR's Board of Directors. The Court, mindful of the testimony and these decisions, considers that Plaintiffs are not members of the class for which PUHCA was enacted.

The second [4] *Cort* factor is whether legislative intent indicates that a private cause of action exists. No support can be found in the legislative history of PUHCA for the asserted private cause of action under the Act prior to a finding of a violation of that Act by the Securities and Exchange Commission. *Compare Goldstein v. Groesbeck,* discussed *infra.*

Third, inferring that a private cause of action exists in a case such as this one is not consistent with the legislative scheme. For example, the critical question on the merits of the request for equitable relief appears to be whether one Defendant's subsidiary, Texgas, is deemed a "gas utility company" under 15 U.S.C. § 79b(a)(4). Whether Texgas fits the § 2(a)(4) definition of a "gas utility company" is a matter of statutory interpretation. Plaintiffs argue that Defendants' failure to file an application for exemption automatically renders Texgas a "gas utility company." However, the statute contemplates that the SEC may lift out of the definition of "gas utility company" a company whose involvement in the industry is so *de minimis* as not to require regulation. Thus, the Court is faced with a choice in the case at bar of prognosticating the outcome of an SEC determination as to whether a company should be treated as a gas utility or shearing off part of a section of PUHCA *i.e.,* the SEC's power to deem a company not to be a utility, which is intended to effectuate the purpose of the Act. *Compare Goldstein v. Groesbeck,* 142 F.2d 422 (2d Cir.1944), on which Plaintiffs rely heavily. The *Goldstein* Court allowed private parties to sue under PUHCA for an accounting of profits from contracts the SEC and the courts had previously determined were made in contravention of the Act. *Electric Bond & Share Co. v. Securities and Exch.*

---

**3.** 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

**4.** And most important, *see Touche Ross Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).

*Comm'n,* 303 U.S. 419, 58 S.Ct. 678, 82 L.Ed. 936 (1938).[5]

Plaintiffs argue that *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) recognized an implied private cause of action under PUHCA. The *Transamerica* Court explained that the deletion of "actions at law" and "liability" from the jurisdictional section of the Investment Advisors Act of 1940, 15 U.S.C. § 80b–1 *et seq.,* which section was modeled on PUHCA's jurisdictional section, provided "one more piece of evidence that Congress did not authorize a cause of action for anything beyond limited equitable relief." *Id.* at 22, 100 S.Ct. at 248 (footnote omitted).

This language hardly stands as ringing endorsement for implied private causes of action on the basis of § 79y. Moreover, the *Transamerica* Court employed the *Cort* analysis in order to decide whether a cause of action existed under the Investment Advisors Act. The Court in the case at bar has done the same, *see* discussion *supra,* and determined that no cause of action should be inferred from PUHCA.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiffs' request for a preliminary injunction be and hereby is DENIED.

## ORDER

The dismissal of the above-styled case[1] obviates the need for a second, extensive Order regarding the Court's denial of Plaintiffs' Request for Preliminary Injunction. The Court's Order denying that request, which was issued June 26, 1984, is therefore modified to delete any references to a forthcoming, more extensive Order.

It is therefore ORDERED, ADJUDGED, and DECREED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

**5.** The Court not only considers that *Goldstein* differs from the case at bar, but also notes that the Second Circuit decided the case long before *Cort v. Ash.* The *Cort* test, as refined by *Touche Ross,* emphasizes legislative history as the key

element in deciding whether to infer a cause of action. *Goldstein,* in contrast, stressed that plaintiffs should not be left without remedies under PUHCA. *Goldstein,* 142 F.2d at 426–27.